IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:26-CV-12-BO-BM

B & M INVESTMENTS OF NORTH )
CAROLINA, LLC, )
)
        Plaintiff, )
)      O R D E R
   v. )
)
CAMDEN COUNTY, )
)
        Defendant. )

This cause comes before the Court on plaintiff's emergency motion for an *ex parte* temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure [DE 4]. For the following reasons, the motion for a temporary restraining order is denied.

BACKGROUND

Plaintiff B & M Investments of North Carolina, LLC commenced this action by filing a complaint against defendant Camden County, asserting claims based on (1) the Fourteenth Amendment Due Process Clause, (2) the Fifth Amendment Takings Clause, (3) Article I, Section 19 of the North Carolina Constitution, and (4) Article I, Section 1 of the North Carolina Constitution. [DE 1]. Plaintiff alleges the following. B & M Investments is a sand mining business in Camden County. The zoning district in which plaintiff's property sits permits sand mining subject to a special use permit. Plaintiff received a special use permit from the Camden County Board of Commissioners on March 6, 2017. *Id.* at ¶ 17.

Plaintiff received a notice of violation from Camden County on September 22, 2025. The notice explained that the County intended to hold a special meeting to consider revoking plaintiff's permit. Plaintiff attended the Camden County Board of Commissioners' special meeting on

January 28 and 29. At the conclusion of the meeting, the Board voted to revoke the permit. Plaintiff contends the Board must, pursuant to North Carolina General Statute 160D-406(j), reduce this decision to writing before it becomes effective. The Board has not yet reduced its decision to writing. *Id.* at ¶¶ 32–34.

Around February 4, 2026, plaintiff received a stop work order from the County, alleging plaintiff lacks a valid special use permit, and the road conditions near the sand mine are such that continued operations would cause a threat to public health, safety, and welfare of residents. The stop work order advised plaintiff that continued operations would constitute a class I misdemeanor. Plaintiff ceased all mining operations on February 5, 2026. *Id.* at ¶¶ 37–41. Plaintiff appealed the stop work order to the Board of Adjustment, but that appeal does not stay the stop work order unless the Board of Adjustment fails to hear the appeal within sixty days. *Id.* at ¶ 43.

Plaintiff filed this lawsuit seeking an *ex parte* emergency temporary restraining order which would enjoin enforcement of the stop work order. Plaintiff asks that defendant be ordered to withdraw the stop work order and enjoined from issuing additional stop work orders. [DE 2]. Plaintiff notified defendant of the motion by email. Defendant has not yet appeared.

## DISCUSSION

Rule 65(b) of the Federal Rules of Civil Procedure governs the issuance of temporary restraining orders. It provides that

> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

2

Fed. R. Civ. P. 65(b). While temporary restraining orders are at times necessary, "[t]he stringent restrictions imposed by . . . Rule 65 [] on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 438–39 (1974). Accordingly, the procedural requirements of Rule 65(b) are strictly construed. *See Tchienkou v. Net Tr. Mortg.*, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010).

The irreparable harm plaintiff alleges is its loss of the ability to perform its existing contracts. Plaintiff does not, however, provide the dates by which it must perform those contracts, or establish that its cessation of mining operations will prevent it from performing them before defendant can appear and be heard. Plaintiff alleges if the sand mine is forced to remain non-operational for sixty days, inactivity at the sand mine creates a risk of damage to the equipment located there, the business will lose sales, and it will suffer injury to its goodwill with current and prospective customers. Although plaintiff has already ceased mining operations, there is insufficient indication that irreparable harm would result before defendant can appear and be heard. The Court concludes plaintiff has failed to show that *ex parte* relief is warranted.

Once defendant has been served, the Court will entertain plaintiff's request for a preliminary injunction. A hearing on the motion for preliminary injunction will be held once service on defendant has been effected and defendant has an opportunity to respond to the motion for preliminary injunction. Until then, the Court declines to enter an *ex parte* ruling against the County.

3

CONCLUSION

Accordingly, plaintiff's emergency motion for *ex parte* temporary restraining order and preliminary injunction [DE 2] is DENIED IN PART. The request for a temporary restraining order is denied, and the Court reserves a ruling on the motion for preliminary injunction.

SO ORDERED, this **26** day of February 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4